### GREENE v. AURORA RYS. CO.

(Circuit Court of Appeals, Seventh Circuit. September 6, 1907.)

No. 1,369.

EMINENT DOMAIN—REMEDIES OF PROPERTY OWNERS—RIGHTS IN STREET—INJUNCTION—PERSONS ENTITLED TO SUE.

The owner of a lot abutting on a street, with title in fee extending to the center of the street, subject only to the easement for street purposes, under the law of Illinois may maintain a suit in equity to enjoin a corporation from appropriating and using the street for railroad purposes, and the question whether the corporation is one to which the state statute has delegated the power to make such appropriation by condemnation proceedings may be raised and determined in such suit.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 18, Eminent Domain, § 789.]

Appeal from the Circuit Court of the United States for the Eastern Division of the Northern District of Illinois.

Chester E. Cleveland, for appellant.
Charles P. Abbey, for appellee.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

SEAMAN, Circuit Judge. The appellant, Edward B. Greene, filed a bill in the court below for injunctional relief against the appropria-

tion and use of his property by the Aurora Railways Company for railroad purposes, and this appeal is from a decree entered upon hearing of demurrer thereto dismissing the bill (as finally amended) for want of equity. The appropriation sought by the railways company is for right of way, for alleged commercial railway purposes, on Galena street, in the city of Aurora, Ill.; and the appellant owns an abutting lot, with title in fee extending to the center of such street, subject to the public easement of street use, which is included in the proposed taking for right of way without his consent. In various averments of the bill, both charter and ordinance authority to take and use the property for commercial railway purposes are distinctly challenged, and the pendency of condemnation proceedings therefor is averred in an amendment to the bill.

The question thus raised, of power conferred upon the railways company to appropriate this property for right of way, was the only one open to controversy, under the averments of the bill and admissions by demurrer; and the assumed delegation, through its charter, of the sovereign power of eminent domain, was clearly subject to challenge by the property owner. The sufficiency of this ownership of the fee in the street, to entitle the owner to equitable relief against invasion for other than street use, is settled in Wilder v. Aurora, De K. & R. Elec. Trac. Co., 216 Ill. 493, 526, 75 N. E. 194, if questionable at any stage, under the decisions in that jurisdiction. It is there settled, as well, that a "commercial railroad" is not a street railroad, and its use of a street "constitutes a new and additional servitude upon the fee of the property owner to the center of the street." Under the general doctrine of equity the jurisdiction is unquestionable, with or without the pendency of statutory proceedings for condemnation, to ascertain whether power is vested in the railways company to thus take private property, and protect the owner against unauthorized invasion of rights therein, for which no defense or remedy at law is adequate. Osborne v. Missouri Pacific Railway, 147 U. S. 248, 258, 13 Sup. Ct. 299, 37 L. Ed. 155; Bass v. Metropolitan West Side Elec. R. Co., 82 Fed. 857, 860, 27 C. C. A. 147, 39 L. R. A. 711.

When the bill was dismissed below, authority for such taking for use of the railways company appears to have been upheld by the city court of Aurora in several condemnation proceedings, including the case referred to as pending against the property in question, and appeals taken from judgments therein were undetermined by the Supreme Court of the state, when argument was heard in this court upon the present appeal. At the June session (1907) of the Supreme Court, however, an opinion was filed in these condemnation cases, consolidated under the title "William E. Gillette and Consolidated Cases v. The Aurora Railways Company" (Ill.) 81 N. E. 1005, which is decisive against the power so asserted to appropriate property, upon which the present decree rests. It is there determined "that the question whether there is any law under which it [the railway company] could exercise the powers assumed is open to question at all times when it attempts to exercise such power"; that the rule is settled in Illinois "that the questions whether the power has been delegated to the corporation, and whether the uses and purposes for which it is sought to be exer-

cised fall within the legislative grant, are proper subjects for judicial determination"; that the purported incorporation is under the general railway act, as a commercial railroad, and not under the act for incorporating street railroads; that such act requires designation in the articles of "fixed termini between places named" therein; that "here the articles provide for an indefinite number of lines from points within the city of Aurora to points outside"; that no such purpose is authorized by "the general act under which appellee is organized"; and that the railways company was without power to condemn, use, or take property for right of way purposes.

The appellant, therefore, is entitled to equitable relief, under the averments of the bill, and the decree of the Circuit Court is reversed accordingly, with direction to overrule the demurrer and proceed further in conformity with this opinion.